IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| MICHELLE RUSHING, individually and on behalf of all others similarly situated, | § § § | |
| *Plaintiff*, | § § | Case No.: 6:22-cv-00030 |
| vs. | § § | |
| VERIZON COMMUNICATIONS, INC., a New York Company; | § § § | JURY TRIAL DEMANDED |
| *Defendant*. | § § § | |

## ORIGINAL CLASS ACTION COMPLAINT

COMES NOW Plaintiff Michelle Rushing (hereinafter referred to as "Rushing" or "Plaintiff"), on behalf of herself and all other similarly situated individuals, and alleges on personal knowledge, investigation of her counsel, and on information and belief, the following claims against Verizon Communications, Inc. ("Verizon" or "Defendant"):

### I. NATURE OF ACTION

1. Plaintiff is a Texas landowner. Defendant is a telecommunications corporation operating on a global scale. This action is brought because Defendant has, illegally and without authorization, installed or used miles of fiber-optic cable on the lands of Texas property owners. Defendant is using the fiber-optic cable for commercial-communications purposes, without legal right, without consent, and without compensation for that use and occupation. As a result, Defendant is trespassing onto the land of Plaintiff and thousands of other Texas property owners, and unjustly enriching itself by occupying, using, and profiting off Plaintiff's and others' land without compensating them.

2. Plaintiff Rushing is one of numerous Texas property owners (hereinafter referred

1

to as the "Texas Property Class" or the "Class") who owns land in Texas on or in which Defendant has illegally installed fiber-optic cable (the "Impacted Land"). Plaintiff Rushing seeks to represent herself and the members of the Texas Property Class for the purpose of obtaining past and future compensation for Defendant's trespass, injunctive relief, and other damages available under Plaintiff's causes of action.

## II. SUBJECT MATTER JURISDICTION AND VENUE

3. This Court has original jurisdiction of this action under 28 U.S.C. § 1332. This controversy is between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. Venue in this Court is proper under 28 U.S.C. § 1391(b). The claims asserted in this action arose in this district; a substantial part of the activities, conduct, and/or damages giving rise to the claims occurred in this district; and Defendant has substantial contacts with this district.

## III. PARTIES AND PERSONAL JURISDICTION

5. Plaintiff Michelle Rushing is, and at all times mentioned herein was, a citizen of the State of Texas who resides in Irion County, Texas.

6. Defendant Verizon is a New York company with its principal place of business located at 1095 Avenue of the Americas, New York, NY 10036.

7. Defendant transacts business throughout the United States, including in Texas and specifically in this district and division.

8. In addition to transacting business in Texas, Defendant contracts to supply services or goods in Texas, including in this district and division.

9. Defendant regularly does, or solicits, business, or engages in other persistent courses of conduct, or derives substantial revenue from goods used or consumed or services

rendered in the State of Texas, including in this district and division.

10. In addition, through its acts in unlawfully and without authorization installing or using fiber-optic cable on the Impacted Land, Defendant has caused tortious injury in the nature of a trespass on Plaintiff's property rights in this State, either by its acts in this State or, alternatively, by acts outside this State while regularly doing or soliciting business or engaging in a persistent course of conduct and deriving substantial revenue from goods used or consumed, or services rendered in this State.

11. Personal jurisdiction may be exercised over Defendant pursuant to Texas Civ. Prac. & Rem. Code §§ 17.041-.045.

12. Plaintiff intends to serve Defendant by serving its Registered Agent, CT Corporation System, at 350 N. St. Paul Street, Dallas, Texas 75201.

13. At all times pertinent, Defendant was, and is, engaged in interstate commerce, and Defendant used, and is using, instrumentalities of interstate commerce, including telephone lines and the mail, in the course of its activities set forth herein.

**IV. FACTUAL ALLEGATIONS AS TO PLAINTIFF MICHELLE RUSHING**

14. Plaintiff owns five-hundred and seventy-five (575) acres of land in Irion County ("Plaintiff's Land"), underlying an informal, unrecorded, permissive access for the limited purpose of electric-transmission or distribution lines.

15. This informal, permissive use was for the limited purpose of electricity transmission. Defendant has never held—and cannot use, lease, convey or otherwise transfer or create—any rights in, under, over, or across Plaintiff's Land.

16. Nonetheless, Defendant installed fiber-optic cable alongside the electric-transmission lines on Plaintiff's Land sometime prior to January 1, 2022. Defendant did not notify

Plaintiff of the installation. Defendant did not negotiate or pay for access that would have permitted the installation or use of fiber-optic cable for commercial-communications purposes.

17. In order to further their fiber-optic network, Defendant has installed or operates fiber-optic cable on Plaintiff's Land that they do not own, and on which there exists only an informal, permissive access for electric–transmission purposes ("Informal Access").

18. On information and belief, Defendant made the business decision to forego a time-consuming negotiation and compensation process to obtain the necessary easement rights, and instead deliberately undertook to disregard Plaintiff's property rights and install or operate on Plaintiff's Land a fiber-optic network for purposes other than those permitted by the Informal Access.

19. On information and belief, Defendant's standard practice and policy has been not to inform Texas property owners about the installation of fiber-optic-cable, and Defendant has neither obtained consent from nor paid compensation to Plaintiff for the unauthorized use of the Informal Access.

20. By using the fiber-optic facilities for a commercial-communications network, Defendant has received or expects to receive revenue from the unauthorized and uncompensated use of the Informal Access. Defendant should disgorge this revenue to Plaintiff.

21. Defendant knew or should have known that the Informal Access was valid only for electric-transmission purposes, and that Defendant had no right to use, install, maintain, or operate fiber-optic cable on Plaintiff's Land for commercial-communications purposes. Defendant acted with reckless disregard when it undertook its fiber-optic-cable installation and operation on Plaintiff's Land.

## V. CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action under Rule 23(b)(2) and (3) of the Federal Rules of Civil Procedure on behalf of a class tentatively defined as:

**TEXAS PROPERTY CLASS:**

All persons who own land in Texas on or in which Defendant has unlawfully and without authorization installed or used —or announced plans for the unauthorized installation of — fiber-optic cable.

23. Excluded from the class definition are any employees, officers, directors of Defendant, and attorneys appearing in this case, and any judge assigned to hear this action. Also excluded are persons who own only land underlying public streets or highways. Plaintiff reserves the right to modify this class definition as she obtains relevant information.

24. The proposed class can be identified through Defendant's fiber-optic network records and Texas county property records.

25. The number of Texas Property Putative Class Members is believed to be in the hundreds, if not the thousands, rendering the class so numerous that individual joinder of all class members is impracticable.

26. Plaintiff is a member of the proposed class.

**Commonality**

27. There are questions of fact common to the Texas Property Putative Class, and those questions predominate over questions affecting any individual Texas Property Putative Class Member. Common questions of fact include but are not limited to:

   a. Whether Defendant adopted policies, procedures, or a pattern or practice to unlawfully and without authorization install and operate fiber-optic cable, for commercial-communications purposes, without seeking or obtaining Texas

Property Putative Class Members' consent;

b. Whether Defendant knew that it did not have a right to access Texas Property Putative Class Members' land for the installation and operation of fiber-optic cable, and whether Defendant acted with malice or reckless disregard for Texas Property Putative Class Members' rights in installing the fiber-optic cable and operating a commercial-communications network despite that knowledge;

c. Whether Defendant made any assertions regarding its ownership interest or occupancy rights in Texas Property Putative Class Members' land, and whether Defendant knew those assertions to be false, or whether those assertions were made recklessly and without adequate investigation of their truth or falsity;

d. Whether Defendant negotiated for or entered into contracts that purported to transfer rights of use or ownership to Texas Property Putative Class Members' land for commercial-communications purposes, and whether Defendant knew or should have known that any such transfer or use was unlawful;

e. Whether Defendant received revenues from its improper use, occupancy, or transfer of Texas Property Putative Class Members' land, and the amount of those revenues;

f. Whether Defendant refuses to acknowledge its lack of ownership in, possessory control over, or right to exercise dominion or control over Texas Property Putative Class Members' land; and

g. Whether Defendant has announced plans to expand the installation of fiber-optic cable on Texas Property Putative Class Members' land, without obtaining legal access.

28. There are questions of law common to the Texas Property Putative Class, and those questions predominate over questions affecting any individual Texas Property Putative Class Member. Common questions of law include but are not limited to:

    a. Whether Defendant's conduct in (1) entering onto Texas Property Putative Class Members' land for the installation and maintenance of fiber-optic cable, (2) operating a commercial-communications network through that cable, and (3) failing to remove that cable from Texas Property Putative Class Members' land, constitutes acts of trespass, which are present and continuing;

    b. Whether Defendant's conduct common to the Texas Property Putative Class has resulted or will result in Defendant being enriched at the expense of Texas Property Putative Class Members, or in Defendant retaining a benefit to the detriment and loss of Texas Property Putative Class Members, in frustration of the fundamental principles of justice, equity, and good conscience, and thus constitutes unjust enrichment;

    c. Whether Defendant's conduct common to the Texas Property Putative Class demonstrates willfulness, malice, or recklessness, or whether Defendant proceeded with conscious disregard for the rights of others, therefore entitling Texas Property Putative Class Members to punitive damages.

**Typicality**

29. Typicality. *Fed. R. Civ. P. 23(a)(3)*. Plaintiff's claims are typical of the claims of the Texas Property Putative Class Members. Plaintiff would only seek individual or actual damages if class certification is denied. In addition, Plaintiff is entitled to relief under the same causes of action and upon the same facts as the other Members of the Texas Property Putative

Class.

**Adequacy**

30.     Adequacy. *Fed. R. Civ. P. 23(a)(4)*. Plaintiff is an adequate representative of the proposed Texas Property Putative Class because her interests coincide with and are not antagonistic to, the interests of the Members of the Texas Property Putative Class she seeks to represent; she has retained counsel competent and experienced in such litigation; and she intends to prosecute this action vigorously. Plaintiff and her Counsel will fairly and adequately protect the interests of the Members of the Texas Property Putative Class.

**Superiority**

31.     Superiority. *Fed. R. Civ. P. 23(b)(3)*. Questions of law and fact common to the Texas Property Putative Class Members predominate over questions affecting only individual Members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. Liability will be determined based on a common set of facts and legal theories. Willfulness will be determined based on Defendant's conduct and knowledge, not upon the effect of Defendant's conduct on the Texas Property Putative Class Members. The damages sought by each Member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for Members of the Texas Property Putative Class individually to redress effectively the wrongs done to them. Even if the Members of the Texas Property Putative Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action

device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in one case.

## VI.     CAUSES OF ACTION

### A.  COUNT ONE: INJUNCTIVE RELIEF

32.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

33.     An actual dispute and controversy exist concerning Defendant's right to occupy and use Plaintiff's and the other Texas Property Putative Class Members' land for commercial-communications purposes, without consent and without compensating them for that use and occupation.

34.     Plaintiff and the Texas Property Putative Class are entitled to an injunction because Defendant has no legal right to exercise dominion and control over, or to use, Plaintiff's and the other Texas Property Putative Class Members' land to construct and operate a fiber-optic-cable network for commercial-communications purposes.

35.     Plaintiff and the Texas Property Putative Class are entitled to an injunction because Defendant has no legal right or interest in Plaintiff's and the Texas Property Putative Class Members' land for commercial-communication purposes unless Defendant pays fair market value for past and future use and occupation of Plaintiff's land.  Defendant should be enjoined from occupying and using Plaintiff's and the members of the Texas Property Class's land until just compensation is paid.

WHEREFORE, Plaintiff and the other Texas Property Putative Class Members pray for Injunctive relief under Federal Rule of Civil Procedure 23(b)(2) as set forth in the Prayer below.

### B.  COUNT TWO: TRESPASS

36.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if

fully set forth herein.

37. Defendant's intentional and unauthorized entry upon Plaintiff's and the other Texas Property Putative Class Members' land for construction, installation, maintenance, lease, or other operation of a fiber-optic-cable network for commercial-communications purposes constitutes a present and continuing trespass.

38. As a direct and proximate result of Defendant's trespass upon and commercial occupation and use of Plaintiff's and the other Texas Property Putative Class Members' land, Defendant has received and continues to receive substantial revenues.

39. Plaintiff and the other Texas Property Putative Class Members have suffered, in amounts to be proven at trial, damages from Defendant's trespass.

40. Plaintiff and the other Texas Property Putative Class Members are entitled to all damages proximately caused by Defendant's trespass, including the reasonable value of the use of the land for Defendant's commercial-communications purposes.

WHEREFORE, Plaintiff and the other Texas Property Putative Class Members pray for damages and other relief as set forth in the Prayer below.

C. **COUNT THREE:** **UNJUST ENRICHMENT**

41. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

42. As a direct and proximate result of Defendant's intentional and unlawful use and occupation of their land, Plaintiff and the other Texas Property Putative Class Members have been deprived of the rents, profits, and other benefits arising from Defendant's commercial use and occupation of their land. Defendant has been unjustly enriched by its wrongful receipt and retention of rents, profits, and other benefits owed to Plaintiff and the other Texas Property Putative

Class Members and, in equity, Defendant should not be allowed to retain those rents, profits, and benefits.

43. Plaintiff and the other Texas Property Putative Class Members are entitled to a judgment requiring Defendant to disgorge all sums they have received as rents, profits, and other benefits arising from their unlawful commercial use and occupation of Plaintiff's and the other Texas Property Putative Class Members' land.

## VII. PUNITIVE DAMAGES

44. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth herein.

45. The wrong done to Plaintiff and the other Texas Property Putative Class Members by Defendant was attended by fraudulent, malicious, intentional, willful, wanton, or reckless conduct, which evidenced a conscious disregard for Plaintiff's and the other Texas Property Putative Class Members' rights. Therefore, Plaintiff, on behalf of the Texas Property Putative Class, seeks punitive damages in an amount to be proven at trial.

## VIII. INCORPORATION OF PARAGRAPHS

46. Every paragraph in this Complaint is hereby incorporated into every other paragraph.

## IX. JURY DEMAND

47. Plaintiff demands a jury trial and tenders the appropriate fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the other members of the Texas Property Putative Class, prays for judgment against Defendant, awarding relief as follows:

1. Certifying the proposed Texas Property Class, as defined in Paragraph 22 herein, and appointing Plaintiff and her counsel to represent the Texas Property Class;

2. Declaring that Defendant did not obtain any title or interest or right to occupy or

use Plaintiff's and Texas Property Class Members' land for a commercial-communications network;

3. Declaring that Defendant's occupation or use of Plaintiff's and Texas Property Class Members' land for a commercial-communications network is a trespass;

4. Directing Defendant to render a just and full accounting of all sums received as a result of its trespass;

5. Awarding Texas Property Class Members damages against Defendant in the amount of the reasonable value of Defendant's illegal and unauthorized use of Texas Property Class Members' land;

6. Holding that the doctrine of unjust enrichment applies and ordering Defendant to pay to Texas Property Class Members all sums received by Defendant flowing from the illegal and unauthorized use of Texas Property Class Members' land;

7. Pre-judgment interest from the date of filing this suit;

8. Reasonable attorney's fees to be paid out of any common fund created by virtue of this litigation, or through application for attorney's fees using the lodestar method;

9. An order enjoining Defendant from entering or occupying land owned by Plaintiff and the Texas Property Class Members;

10. All costs of this proceeding; and

11. All general, special and equitable relief to which Plaintiff and the respective Members of the Texas Property Class are entitled by law.

Respectfully submitted,

**ELLZEY & ASSOCIATES, PLLC**

*/s/ Jarrett L. Ellzey*
Jarrett L. Ellzey
Texas Bar No. 24040864
jarrett@ellzeylaw.com
Leigh S. Montgomery
Texas Bar No. 24052214
leigh@ellzeylaw.com
Alexander G. Kykta
Texas Bar No. 24107841
alex@ellzeylaw.com
1105 Milford Street
Houston, Texas 77006
Phone: (888) 350-3931
Fax: (888) 276-3455

**LAW OFFICE OF CHRIS BELL**

Chris Bell
SBN: 00783631
S.D. Tex. ID No. 15848
cbell@chrisbellpc.com
The Esperson Building
808 Travis, Suite 400
Houston, Texas 77002
713-489-1211 – Telephone
713-583-5282 – Facsimile
E-Service: cbell@chrisbellpc.com